UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAULINE CIABATTONI,              ) | |
|                                              ) | |
|         Plaintiff,                         ) | |
|                                              ) | |
|     v.                                      ) | Civil Action No. 04-203 (GMS) |
|                                              ) | |
| UNITED STATES OF AMERICA, ) | |
|                                              ) | |
|         Defendant.                      ) | |
|                                              ) | |

## THE PARTIES' JOINT STATUS REPORT

Defendant, the United States of America, through undersigned counsel, and plaintiff,[1] through Richard A. Forsten, (collectively "the Parties"), hereby submit this Joint Status Report in response to the Court's Order of May 27, 2005. Accordingly, the Parties report as follows:

    1.    Plaintiff in this action, a landowner in Sussex County, filed this action in order to obtain an easement over an adjoining parcel of property owned by the Nature Conservancy at the time of the filing of the Complaint. On or about October 8, 2003, the Nature Conservancy transferred title to the property at issue to the United States of America. Thus, through this action, plaintiff seeks to obtain property rights over a parcel of land belonging to the United States.

    2. The Complaint was originally filed in the Court of Chancery of the State of Delaware in and for Sussex County against the Nature Conservancy. Because it had taken title to the property at issue, the United States moved to substitute itself as the defendant in the action. The Court of Chancery granted the motion and substituted the United States for the Nature

---

[1] The *News Journal* reported in its Obituaries on May 11, 2004, that plaintiff had passed away. Plaintiff's counsel has reported that the property will pass to plaintiff's son who plans to continue the litigation. However, a motion to substitute party has not yet been filed.

Conservancy as the sole defendant. Once substituted, the United States removed this action to this Court.

3. On May 13, 2004, the United States filed its motion to dismiss or, in the alternative, for summary judgment ("Motion to Dismiss").

4. After being contacted by the Department of Fish & Wildlife expressing interest in possibly purchasing the property at issue in this litigation, plaintiff's counsel suggested a temporary stay of the litigation in order to see if a deal could be worked out. Undersigned counsel agreed and, on June 2, 2004, the parties jointly filed a Stipulation with proposed Order staying proceedings for 120 days. The Court signed the order on June 7, 2004.

5. Pursuant to the June 7, 2004, Order, on September 14, 2004, the Parties reported to the Court on the ongoing possibility that the United States, or a private conservancy group sharing preservation interests with the United States, may purchase the real property at issue in this litigation, thus making this matter moot. The Parties reported that the Conservation Fund ("the Fund"), a conservancy group which shares preservation interests with the United States, is considering purchasing the plaintiff's real property at issue in this litigation. The Fund, the United States, and the plaintiff, were in the process of obtaining an appraisal of the property at issue. Once such an appraisal was obtained, the Parties expected that the Fund, if it deemed a purchase desirable, could make a potential offer for the property shortly thereafter.

6. Because the process to investigate and negotiate a possible settlement had taken longer than expected and some additional time was needed, on October 1, 2004, the Parties stipulated to an additional 90 day stay of litigation. The Court signed that Order on October 8, 2005.

7. On January 11, 2005, because additional time was still needed to survey the property and for the Parties to discuss possible outcomes, the Parties stipulated to an additional 180 day stay of litigation. Although the proposed Order was signed on January 13, 2005, the Court cut back the stay to 90 days and stated that no further extensions would be granted. Accordingly, the stay of litigation lapsed on or about April 13, 2005.

8. On May 5, 2005, the Court sent the parties a letter requesting that they, by May 19, 2005, submit a jointly prepared status report. On May 19, 2005, the parties filed a Joint Status Report. In that report, the parties stated: that talks between plaintiff and the conservancy group had broken down on the issue of wetlands; the plaintiff had engaged an environmental firm to flag the wetlands; the plaintiff had engaged a surveying company to survey the wetlands; but that survey was taking much longer than expected. The parties' intent was that the conservancy group, if it purchased the property at issue, would donate or sell the property to the Bombay Hook preserve. As such, the plaintiff requested additional time to further pursue negotiations with the conservancy group. The United States, whose motion to dismiss was still pending, did not oppose such a further extension.

9. Based on this report from the parties, on May 27, 2005, the Court granted an additional 180-day stay of the matter and further ordered that the parties submit a status report by November 28, 2005. In compliance with the Court's Order, the following is the parties' further status report.

10. In early September 2005, the plaintiff received the long-awaited survey. With this survey in hand, the plaintiff has approached the conservancy group. The plaintiff believes that he'll know before Christmas whether it will be possible to create a framework to settle this case. The conservancy group is currently reviewing matters, a draft framework has been discussed, and plaintiff expects that he and the conservancy group will be talking later this week. Accordingly,

plaintiff's position is as follows: Plaintiff has had possible settlement discussions concerning a sale of the property to a conservancy group which would end the case; Plaintiff believes that these negotiations will either lead to an agreement or to a complete impasse within the next few weeks; thus, Plaintiff believes the stay should be continued until January 1, 2006; if a settlement is not reached by then, Plaintiff is prepared to move forward with the case.

    11.  The United States' position is as follows: too much time has passed with little, if any, result in the negotiations; the stay should be lifted and this case should resume; and, plaintiff should be required to respond to the United States' Motion to Dismiss.

Respectfully submitted,

_____/S/_____
RICHARD A. FORSTEN
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1140
Wilmington, DE 19899-1397
(302) 552-4200
Forsten@klettrooney.com

Attorney for Plaintiff


COLM F. CONNOLLY
United States Attorney


_____/S/_____
RUDOLPH CONTRERAS
Assistant United States Attorney
Chief, Civil Division
1007 N. Orange Street; Suite 700
Wilmington, Delaware 19899-2046
Tel. (302) 573-6277
Rudolph.Contreras@usdoj.gov

Attorneys for the United States

# **CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of November 2005, I electronically filed the attached JOINT STATUS REPORT with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

RICHARD A. FORSTEN
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1140
Wilmington, DE 19899-1397

                                            _____/S/_____
                                            RUDOLPH CONTRERAS
                                            Chief, Civil Division
                                            Assistant United States Attorney
                                            1007 Orange Street
                                            Suite 700
                                            Post Office Box 2046
                                            Wilmington, Delaware 19899-2046
                                            (302) 573-6277