**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PAULINE CIABATTONI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-203 (GMS) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF PAULINE CIABATTONI'S ANSWERING BRIEF IN OPPOSITION
TO THE UNITED STATES' MOTION TO DISMISS OR, IN THE
<u>ALTERNATIVE, FOR SUMMARY JUDGMENT</u>**

KLETT ROONEY LIEBER & SCHORLING

William E. Manning, Esquire (#697)
Richard A. Forsten, Esquire (#2543)
James D. Taylor, Jr., Esquire (#4009)
Jennifer M. Becnel-Guzzo, Esquire (#4492)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
(302) 552-4295 (facsimile)

*Attorneys for Plaintiff
Pauline Ciabattoni*

March 2, 2006

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... ii

NATURE AND STAGE OF THE PROCEEDING ......................................................... 1

SUMMARY OF THE ARGUMENT .............................................................................. 3

STATEMENT OF FACTS ............................................................................................. 5

ARGUMENT ................................................................................................................. 7

    I.    THE UNITED STATES' RELIANCE ON 28 U.S.C. § 2409a IS MISPLACED BECAUSE THE UNITED STATES DID NOT HAVE AN INTEREST IN THE CONSERVANCY LAND WHEN THE COMPLAINT WAS FILED. .......................................................................................... 7

    II.   PLAINTIFF'S COMPLAINT STATES FACTS SUFFICIENT TO DEFEAT THE MOTION TO DISMISS. ..................................................................... 8

        *A.*    *The Standard of Review Applied by the Court Requires the Denial of the United States' Motion.* ...................................................................... 8

        *B.*    *Plaintiff's Complaint Establishes the Existence of a Prescriptive Easement Prior to the United States' Acquisition of the Conservancy Land.* ...................................................................................................... 9

        *C.*    *The Complaint Alleges All Facts Necessary to Support a Claim for an Easement By Necessity Over the Conservancy Land.* ........................... 12

        *D.*    *The United States' Motion for Summary Judgment Fails.* ................... 13

CONCLUSION ........................................................................................................... 15

## TABLE OF AUTHORITIES

### CASES

*Berger v. Colonial Parking, Inc.*, 1993 Del. Ch. LEXIS 95 ..................................10, 11, 13

*Brown v. Houston Ventures, L.L.C.*, 2003 Del. Ch. LEXIS 6 .............................................14

*Lickle v. Frank W. Diver, Inc.*, 238 A.2d 326 (Del. 1968) .................................................10

*Marvel v. Snyder*, 2001 U.S. Dist. LEXIS 10299 (D. Del.)................................................9

*Morse v. Lower Merion School District*, 132 F.3d 902 (3d Cir. 1997) ...............................9

*Pencader Associates, Inc. v. Glasgow Trust*, 446 A.2d 1097 (Del. 1982) ........................12

### STATUTES

28 U.S.C. § 2409a..............................................................................................3, 7, 8, 15

25 *Del. C.* § 1603 ...............................................................................................................7

### RULES

Fed. R. Civ. P. 12................................................................................................................8

## NATURE AND STAGE OF THE PROCEEDING

On August 15, 2003, Plaintiff Pauline Ciabattoni ("Ms. Ciabattoni" or "Plaintiff")[1] filed a complaint (the "Complaint") in the Court of Chancery of the State of Delaware in and for Sussex County against The Nature Conservancy (the "Conservancy"). Ms. Ciabattoni, the owner of a landlocked parcel in Sussex County (the "Property"), sought a declaration that the adjoining property owned by the Conservancy (the "Conservancy Land") is subject to an easement, by necessity or prescription, in favor of Plaintiff's Property.

Ms. Ciabattoni filed a *Lis Pendens* with the Sussex County Recorder of Deeds on September 10, 2003, which was recorded on September 18, 2003. On or about October 8, 2003, the Conservancy transferred its interest in the Conservancy Land to the United States of America (the "United States").

On or about December 10, 2003, the United States filed in the Court of Chancery a Motion to Substitute Party or to Intervene for Limited Purpose of Removing Case to Federal Court. The Court of Chancery granted the United States' motion on March 29, 2004, and on April 2, 2004 the United States filed a Notice of Removal of a Civil Action in the United States District Court for the District of Delaware.

The United States filed a Motion to Dismiss or, in the Alternative, for Summary Judgment and Brief in Support Thereof (the "Motion") on May 13, 2004. The action was stayed to allow Plaintiff an opportunity to negotiate the sale of the Property to a conservancy group. Despite early promise, such talks were ultimately unsuccessful, and

---

[1] Ms. Ciabattoni passed away shortly after the institution of these proceedings. Plaintiff's counsel will shortly substitute Ms. Ciabattoni's Estate or heirs as the Plaintiff in this action.

on February 15, 2006, this Court ordered Plaintiff to respond to the United States' Motion

by March 2, 2006.  This is Plaintiff's response.

## SUMMARY OF THE ARGUMENT

1.    At the time Plaintiff originally filed this action, Plaintiff could not have brought this lawsuit pursuant to 28 U.S.C. § 2409a (the "Quiet Title Act"), because the United States did not have an interest in the Conservancy Land. Rather, the United States took title to the land approximately 2 months after Plaintiff filed its lawsuit against the United States' predecessor in title and one month after Plaintiff filed a *Lis Pendens* with the Recorder of Deeds, and because the United States took title subject to the lawsuit, it is bound by all proceedings.

2.    Plaintiff has alleged facts sufficient to establish the existence of an easement by prescription in favor of the Property over the Conservancy Land. Plaintiff's husband took title to the property more than 34 years prior to the filing of the Complaint, and Plaintiff and her family crossed the Conservancy Land every time they accessed the landlocked Property. Moreover, Plaintiff and her family were never prevented from using the Conservancy Land to access their property until 1999 – 30 years after they began using the easement. Finally, a vehicular accessway is visible on the Conservancy Land and aerial photos establish the existence of a road across the Conservancy Land since at least 1953. Plaintiff has, at a minimum, pled allegations sufficient to survive a Motion to Dismiss.

3.    Plaintiff has established the elements of an easement by necessity. It is undisputed that Plaintiff's Property and the Conservancy Land were at some point owned by a common owner. The nearest public right-of-way to the Property is Bayshore Drive, approximately 2,000 feet south of the Property, across the Conservancy Land. Thus, although the land records in Sussex County are incomplete, it is reasonable to assume that the Property became landlocked as a result of its severance from the Conservancy

3

Land.  At a minimum, Plaintiff's allegations are sufficient to survive a Motion to Dismiss.

4.    The United States' attempt to convert its Motion to Dismiss to a Motion for Summary Judgment by attaching unauthenticated documents to its Motion should be rejected and the documents excluded.  However, even if the Court allows the use of the documents, they do not disprove Plaintiff's entitlement to an easement by prescription over the Conservancy Land.

# STATEMENT OF FACTS[2]

Ms. Ciabattoni's husband, Mr. Daniel Ciabattoni, took title to the Property located in Sussex County, Delaware in 1969. Complaint, ¶ 10. The Property is bounded by the Delaware Bay to the east, an impassable marshland owned by the United States and forming part of the Primehook National Wildlife Refuge on the west, several residential properties to the north and the Conservancy Land to the south. Complaint, ¶ 6.

The Property is not bounded by or touching upon any public street or road, nor is there any recorded easement which provides access to the Property. Complaint, ¶ 5. The nearest roadway to the north of the Property is at least 4,000 feet away and would require crossing several properties, possibly including wetlands. Complaint, ¶ 7. A cul-de-sac which marks the end of Bay Shore Drive, a public right-of-way, is located approximately 2,000 feet to the south of the Property, but the Conservancy Land is located immediately between the Property and Bay Shore Drive. Complaint, ¶¶ 8, 9.

Since Ms. Ciabattoni's husband acquired the Property, the Ciabattoni family has gained access to the Property by crossing the Conservancy Land to Bayshore Drive. Complaint, ¶ 10. In fact, at the time the Conservancy took title to the Conservancy Land in 1999, a vehicular accessway across the Conservancy Land was sufficiently visible and evident such that the Conservancy was on notice of its existence. Complaint, ¶ 13. Further, aerial photographs from 1953, 1968, 1973, 1977 and 1989 show a roadway running across the Conservancy Land through the Property and then to the north. Complaint, ¶ 16.

---

[2] The Federal Rules of Civil Procedure and well-settled case law require this Court to accept as true all factual allegations in the Complaint and all reasonable inferences that can be drawn therefrom for purposes of a motion to dismiss. All facts cited here are directly from the Complaint.

Plaintiff and her family have sought to improve the Property for some time by constructing a dwelling on the Property. Complaint, ¶ 11. However, the Conservancy refused to allow Plaintiff to construct a driveway or other access road to the Property and refused to allow Plaintiff to run utilities across the Conservancy Land. Complaint, ¶ 12. Thus, Plaintiff now seeks a declaration that the Conservancy Land is subject to an easement, either by necessity or by prescription, in favor of the Property.

## ARGUMENT

I.     **THE UNITED STATES' RELIANCE ON 28 U.S.C. § 2409a IS MISPLACED BECAUSE THE UNITED STATES DID NOT HAVE AN INTEREST IN THE CONSERVANCY LAND WHEN THE COMPLAINT WAS FILED.**

The United States mistakenly asserts that because Plaintiff did not bring this action pursuant to 28 U.S.C. § 2409a, the Quiet Title Act, the case must be dismissed. However, the United States fails to consider – or even address – the fact that this action was instituted at a time when a private landowner, not the United States, owned the Conservancy Land. It was not until after this action was brought by Plaintiff that the United States took title to the Conservancy Land. In short, at the time the Complaint was filed, the United States had no interest in the Conservancy Land, and the matter could not have been brought pursuant to 28 U.S.C. § 2409a.[3]

Although the United States has cited several cases which hold that the Quiet Title Act is the exclusive means by which claimants can challenge the issue of the United States' title to real property, all of these cases involve situations where the United States owned the property or otherwise asserted its interest in the property *at the time the proceedings were commenced.* The United States has cited no cases – nor is Plaintiff aware of any – which have dealt with the situation here, where the United States acquired title *after* litigation began with the prior owner.

General principles of property law, however, dictate that the United States' position must fail. When the United States purchased the Conservancy Land, it did so with knowledge of Plaintiff's claim. *See* 25 *Del. C.* § 1603(a) ("Any person claiming an

---

[3] The Quiet Title Act states in part that "[t]he United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a(a). However, as already observed, at the time this lawsuit was commenced, the United States did not claim an interest in the Conservancy Land.

interest in the real property which is the subject of [a *lis pendens*] is bound by all proceedings taken in the action after such recording and until cancellation or discharge to the same extent as if such person were a party."). Although the United States could have waited for the litigation to resolve itself, it instead chose to take title to the Conservancy Land subject to the existing lawsuit. The United States' action in taking title to the Conservancy Land did not act to extinguish or eliminate Plaintiff's property rights. Thus, the United States, by accepting title to property which was subject to a lawsuit, implicitly, if not explicitly, waived any objections to the existence of the lawsuit.

Moreover, the United States' argument must be rejected as it leads to an absurd result. If the United States is correct in its assertion, anytime the United States takes title to property which is the subject of a title dispute between two private landowners, that lawsuit must be dismissed because it was not brought pursuant to the Quiet Title Act. This cannot be what Congress intended when it enacted the Quiet Title Act. Rather than dismissal, at most Plaintiff should be required and should be allowed to amend the Complaint to reflect the change in ownership of the Conservancy Land.

## II.    PLAINTIFF'S COMPLAINT STATES FACTS SUFFICIENT TO DEFEAT THE MOTION TO DISMISS.

### A.    *The Standard of Review Applied by the Court Requires the Denial of the United States' Motion.*

Because the United States attached to its Motion materials outside of the pleadings, the general rule is to treat the United States' Motion as one for summary judgment. *See* Fed. R. Civ. P. 12(b). However, Plaintiff objects to the use of those materials and the use of the summary judgment standard. The unauthenticated documents on which the United States relies should be excluded by the Court.

Regardless, the United States' arguments fail whether this Court relies on the standard for a motion to dismiss or the standard for a summary judgment motion. When considering a motion to dismiss, the court is required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). Further, a Rule 12(b)(6) motion should be granted only if it appears to a certainty that no relief could be granted under any set of facts which could be proved. *Id.*

On summary judgment, the court must look at the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences and resolving all reasonable doubts in favor of that party. *Marvel v. Snyder*, 2001 U.S. Dist. LEXIS 10299 (D. Del.) (copy attached as Exhibit A). The court can grant summary judgment only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

Under either standard, the United States' arguments must fail. The factual allegations in the Complaint establish the existence of a prescriptive easement which accrued prior to the United States' acquisition and an easement by necessity over the Conservancy Land. Further, even if the Court does not exclude the documents attached to the United States' Motion, the documents fail to disprove any factual allegations contained in the Complaint. Accordingly, the United States' Motion must be denied.

B.    ***Plaintiff's Complaint Establishes the Existence of a Prescriptive Easement Prior to the United States' Acquisition of the Conservancy Land.***

In order to prove the existence of an easement by prescription, the Plaintiff must establish by clear and convincing evidence, "a continuous, uninterrupted, and adverse

use, by the asserter of the right or those in privity with him, for a period of more than 20 years; and there must be no substantial interruption of the continuity of possession and enjoyment." *Lickle v. Frank W. Diver, Inc.*, 238 A.2d 326, 329 (Del. 1968). The allegations in the Complaint are sufficient to overcome the United States' Motion.

Plaintiff has alleged that she and her family traveled over the Conservancy Land to access the Property on a regular basis since 1969 – approximately 34 years prior to the filing of the Complaint and the United States taking title to the Conservancy Land – to access their Property. Complaint, ¶¶ 10, 19-21. "Continuous use does not mean constant use but simply the exercise of the claimed right more or less frequently according to the nature of the use." *Berger v. Colonial Parking, Inc.*, 1993 Del. Ch. LEXIS 95, *8 (copy attached as Exhibit B). In addition, "[o]nly a substantial interference with the use can defeat a prescriptive easement." *Id.* at *9. Thus, while Plaintiff may not have used the easement to access the Property every day, such constant use is not necessary to establish a prescriptive easement. Rather, the easement was used each time Plaintiff and her family accessed the Property – this is sufficient to establish continuous use.

Moreover, there is no allegation that the use was interrupted by any owner at any time prior to 1999. However, even after the Nature Conservancy refused to allow Plaintiff to construct a driveway and run utilities across the Conservancy Land in 1999, Plaintiff continued to access her Property via the Conservancy Land. Thus, Plaintiff has satisfied the "continuous" and "uninterrupted" requirements.

Furthermore, Plaintiff's use of the Conservancy Land was inconsistent with the rights of the owner of that property. Complaint, ¶ 18, 20. The Delaware Court of Chancery has stated that "[a] use is adverse or hostile if it is inconsistent with the rights

10

of the owner." *Berger*, 1993 Del. Ch. LEXIS 95, at *9. There is nothing in Plaintiff's Complaint which would indicate that Plaintiff's use of the Conservancy Land was not inconsistent with the rights of the owner. The facts establish that the owner of the Conservancy Land was on notice of the existence of the easement, and Plaintiff's use thereof, because the vehicular accessway across the Conservancy Land to the Property was visible and evident. Complaint, ¶ 13. Indeed, what could be more obvious than a roadbed? Thus, as all allegations in the Complaint must be accepted as true, Plaintiff has met her burden of establishing that her use was adverse or hostile.

Finally, Plaintiff has established the use of the easement across the Conservancy Land for more than 20 years. Plaintiff's husband purchased the Property in 1969, after which Plaintiff and her family began using the Conservancy Land to access their Property. Moreover, aerial photographs document the existence of a roadway as far back as 1953. From at least 1969 to the present, Plaintiff and her family have traveled to the Property via the Conservancy Land, thereby establishing their right to an easement by prescription. The Delaware courts have stated that "in order to make up the prescriptive period, successive adverse users by different persons may be tacked, but there must be privity between such persons . . . [t]his privity may be based upon contract, estate or blood relationship." *Berger*, 1993 Del. Ch. LEXIS 95, at *12 (internal citations omitted). Plaintiff has established that she and her family have accessed the Property over the Conservancy Land for more than 30 years.

A review of the Complaint clearly demonstrates that Plaintiff has pleaded sufficient facts to meet her burden of establishing the existence of an easement by prescription. Accordingly, the United States' Motion to Dismiss should be denied.

**C.      *The Complaint Alleges All Facts Necessary to Support a Claim for an Easement By Necessity Over the Conservancy Land.***

An easement by necessity "is created when there has been a unity of ownership of the dominant and servient estates, followed by a severance into the respective parcels" through which the dominant estate "has become landlocked." *Pencader Associates, Inc. v. Glasgow Trust*, 446 A.2d 1097, 1099 (Del. 1982). "The easement is not actually created by the necessity; rather the necessity is a fact offered in evidence to show an intention to establish a right of way by raising the presumption of a grant of access to the dominant estate over the servient estate." *Id.* The allegations in the Complaint establish Plaintiff's right to an easement by necessity.

The Property is landlocked and has no access to a public road or highway. Complaint, ¶ 24. Furthermore, it is undisputed that the Property and the Conservancy Land were, at some point, owned by a single owner. Complaint, ¶ 27. The nearest public right-of-way to the Property is 2,000 feet to the south across the Conservancy Land. Complaint, ¶¶ 8, 9. The next closest public roadway is at least 4,000 feet away to the north and would require crossing several residential properties. Although the land records in Sussex County are incomplete and the chains-of-title cannot be fully and completely traced at this time, it is reasonable to infer, given the location of the nearest public right-of way, that Plaintiff's Property became landlocked as a result of its severance from the Conservancy Land.

Finally, the United States attempts to argue that because Plaintiff's Property fronts the Delaware Bay, it is not landlocked as contemplated by an easement by necessity. The cases on which the United States relies are not as clear-cut as the United State seems to believe. None of those cases hold that, as a matter of law, property fronting a body of

12

water is not landlocked for purposes of an easement by necessity. Instead, the courts decided the issue in the cases cited by the United States on the particular factual circumstances of each case.

Plaintiff has alleged facts sufficient to overcome the United States' Motion to Dismiss. Thus, the United States' Motion should be denied.

### D.    The United States' Motion for Summary Judgment Fails.

The United States attempts to convert its Motion to Dismiss into a Motion for Summary Judgment by attaching to the Motion two letters: (i) an undated letter allegedly written by a real estate agent and (ii) an unsigned letter allegedly written by Mr. David Ciabattoni, Sr. Neither letter is dispositive and both should be rejected at this stage.

The first letter is an undated letter allegedly written by Carole Sieber of Ackley Associates, Realtors to the Department of Interior. As an initial matter, this letter should not be considered because the United States has not authenticated the document and it constitutes hearsay.

However, even if the Court considers this letter, it fails to eliminate the existence of a factual dispute. The United States seems to believe that a statement by Ms. Sieber that "Mr. Ciabottoni [sic] is a senior citizen and has not used the land in many years," somehow prevents the Plaintiff from proving that her use of the Conservancy Land was consistent enough to satisfy the easement by prescription standard. Not true. Even if Mr. Ciabattoni had not used the Property in many years at the time of the letter, his family consistently used the Property throughout his ownership. Moreover, once an easement by adverse possession is created, it does not lapse by non-use. *Berger*, 2003 Del. Ch. LEXIS 95, at *8 ("continuous use [of a prescriptive easement] does not mean constant use"). Furthermore, Plaintiff alleges facts in her Complaint sufficient to demonstrate continuous

use of the Conservancy Land to access the Property. Finally, through discovery Plaintiff will establish additional facts to support further the continuous use of the easement by Plaintiff and her family.

The second letter offered by the United States is equally unhelpful. It is an unsigned letter allegedly from Mr. Ciabattoni dated September 10, 1999. Like the first letter, it is unauthenticated, and should be excluded. However, even if the letter is not excluded, it still fails to preclude the possibility of a prescriptive easement in favor of the Property. While the letter references some "previous agreement . . . as to a right of way or eas[e]ment," the letter does not make clear what that agreement was. It could be that Mr. Ciabattoni advised Theodore Jones, a previous owner of the Conservancy Land, that Mr. Ciabattoni was entitled to an easement by prescription or necessity and would sue if Mr. Jones interfered with Mr. Ciabattoni's use of the Conservancy Land to access the Property. *See Brown v. Houston Ventures, L.L.C.,* 2003 Del. Ch. LEXIS 6, *19-20 (copy attached as Exhibit C) (acknowledging that Plaintiff's effort to obtain written documentation of an easement by prescription and attempt to resolve through negotiation and documentation that which might give rise to litigation was not "a waiver of any claim to rights arising by prescription"). Through discovery, the nature of the agreement may be determined. However, at this stage, as all reasonable inferences must be drawn in favor of the Plaintiff, one must conclude that the alleged agreement does not interfere with Plaintiff's right to an easement by prescription or by necessity.

## CONCLUSION

The fact that the United States took title to the Conservancy Land *after* this lawsuit commenced does not require dismissal of the lawsuit. The United States had notice of the lawsuit and consented to the lawsuit by taking title. Even if the Quiet Title Act applied in this case, at most Plaintiff should only be required to amend the Complaint. In addition, as Plaintiff has set forth factual allegations sufficient to support its claim for an easement by necessity and an easement by prescription, the United States' Motion to Dismiss should be denied. The documents the United States attached to its Motion should be excluded, and the United States' Motion for Summary Judgment should be denied. Finally, even if the documents are considered, the United States has failed to prove that there is no dispute as to a material fact, thus the United States' Motion for Summary Judgment should be denied.

KLETT ROONEY LIEBER & SCHORLING

William E. Manning, Esquire (#697)
Richard A. Forsten, Esquire (#2543)
James D. Taylor, Jr., Esquire (#4009)
Jennifer M. Becnel-Guzzo, Esquire (#4492)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
(302) 552-4295 (facsimile)
manning@klettrooney.com
forsten@klettrooney.com
jdtaylor@klettrooney.com
jbecnel-guzzo@klettrooney.com

*Attorneys for Plaintiff Pauline Ciabattoni*

March 2, 2006

15