UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAULINE CIABATTONI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-203 (GMS) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF PAULINE CIABATTONI'S OPPOSITION TO THE
UNITED STATES' MOTION FOR RECONSIDERATION**

COMES NOW, Plaintiff Pauline Ciabattoni ("Plaintiff" or "Ciabattoni"), by and through her undersigned counsel, and opposes the United States' motion for reconsideration (the "Motion") of the Court's Memorandum Opinion and Order (the "Opinion") dated January 7, 2008. In support thereof, Plaintiff states as follows:

1. A motion for reconsideration is granted only "sparingly" and only if it appears that the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties or made an error, not of reasoning, but of apprehension. *Ryan v. Asbestos Workers Union Local 42 Pension Fund*, 2000 WL 1239958 (D.Del.). However, motions for reconsideration "should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Id.* at *1. Where, as here, the Court properly considered each of the issues raised, the United States' motion for reconsideration must be denied.

2. The United States is asking this Court to reconsider its decision denying the United States' motion to dismiss Ciabattoni's prescriptive easement claim based on an argument

raised improperly for the first time in the United States' reply brief.[1] Further, even if the United States had raised this argument properly, it is not properly considered at this stage of the litigation, as the United States conceded, and would not change the Court's decision. As a result, the United States' motion for reconsidered should be denied.

**The United States' Argument Was Raised Too Late.**

3.  In its Motion, the United States asserts that its motion to dismiss should have been granted because the easement sought by Ciabattoni is allegedly broader than the prior use. While the United States claims this argument was raised in its Opening Brief, such is not the case. The United States' footnote on p. 4 of the Opening Brief is hardly sufficient to provide fair notice of the argument the United States is now making.[2] In fact, the United States was not even making argument in the footnote, instead merely pointing out that *if* the Court were to find an easement does exist, the United States "would" challenge the scope of the easement. Op. Br. at 4. Moreover, while the United States now relies on 13 cases to support its motion for reconsideration, *none* of these cases were cited in its Opening Brief (and only two were cited in its Reply Brief).

4.  The United States did attempt to assert this argument, albeit improperly, in its Reply Brief, at a time, of course, when Plaintiff could not respond. Rep. Br. at 6-7. However, the United States' reservation of this argument for its Reply Brief is precisely what the Court

---

[1] D. Del. LR 7.1.3(c)(2) states, "The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." This is precisely what the United States did in its Reply Brief.

[2] The United States' footnote states, "Even if the plaintiff were to prevail in obtaining an easement (which she should not), the United States would also challenge the scope of the easement. If an easement for access for recreational purposes was found to exist at one point, it would not necessarily follow that an easement for access for residential purposes could be obtained. Similarly, an easement for access does not necessarily equate with an easement for utilities." Op. Br. at 4, n.3.

proscribes in D. Del. LR 7.1.3. As the United States failed to assert this argument timely and properly in its motion to dismiss, its attempt to raise it at this juncture must be rejected.

**The Scope Of The Easement Is Not Properly Considered In A Motion To Dismiss.**

5.  Even if the United States had asserted in its Opening Brief that the scope of the easement sought by Ciabattoni is broader than the previous use, this issue is not properly considered on a motion to dismiss as it raises a question of fact. *See Jost v. Resta*, 536 A.2d 1113, 1115 (Me. 1988) (recognizing that the nature and extent of the claimant's use of the passageway is a question of fact). In fact, none of the cases cited by the United States was decided on a motion to dismiss; rather, all of the decisions occurred *after* a hearing or trial during which evidence was presented to and considered by the court. *See, e.g., Biggs v. Wolfe*, 178 A.2d 482 (Del. Ch. 1962) (court's decision is based on testimony presented at trial); *Lofland v. Truitt*, 260 A.2d 909, 910 (Del. Ch. 1969) (decision made "after trial" and court considered evidence presented at trial in rendering its decision).

6.  Thus, the character and extent of the easement which Ciabattoni is seeking requires the Court to evaluate evidence – evidence which has not yet been adduced, since discovery has not yet taken place. Thus, the United States' attempt to have this Court determine, at this early stage, the nature and extent of the easement to which Ciabattoni may be entitled is not properly raised in a motion to dismiss, and the United States' Motion for Reconsideration should be denied.

WHEREFORE, Plaintiff Pauline Ciabattoni respectfully requests that this Court deny the United States' Motion for Reconsideration.

BUCHANAN INGERSOLL & ROONEY

By: _____
Richard A. Forsten, Esquire (#2543)
Jennifer M. Becnel-Guzzo, Esquire (#4492)
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
(302) 552-4295 (facsimile)

*Attorneys for Plaintiff Pauline Ciabattoni*

January 31, 2008