IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAULINE CIABATTONI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-203 GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

WHEREAS, on January 7, 2008, the court issued a Memorandum and Order (D.I. 17) granting in part and denying in part the United States' Motion to Dismiss (D.I. 3) Ciabattoni's claims for an easement by prescription or necessity;

WHEREAS, on January 11, 2008, the United States filed a Motion for Reconsideration (D.I. 18), asking the court to reconsider its Order;

WHEREAS, a motion for reconsideration should be granted only "sparingly"[1];

WHEREAS, in this district, motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning, but of apprehension[2];

WHEREAS, the United States asserts that reconsideration is warranted here because the court failed to address certain arguments in the Memorandum and Order (D.I. 17);

---

[1] *Tristrata Tech. Inc. v. ICN Pharms., Inc.*, 313 F. Supp. 2d 405, 407 (D. Del. 2004).

[2] *Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

WHEREAS, the United States did not make those arguments in its opening brief in support of its Motion to Dismiss (D.I. 3)[3];

WHEREAS, the United States bases its Motion for Reconsideration on those arguments not originally raised;

WHEREAS, the court concludes that reconsideration is therefore not warranted;

IT IS HEREBY ORDERED that:

The United States' Motion for Reconsideration (D.I. 18) is DENIED.

Dated: June 3, 2008                            /s/ Gregory M. Sleet
                                                CHIEF, UNITED STATES DISTRICT JUDGE

---

[3] (*Cf.* D.I. 3 at 4 n.3 *with* D.I. 15 at 6-7 *and* D.I. 18); *see* D. Del. LR 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief.").