UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAULINE CIABATTONI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-203 (GMS) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ANSWER**

General Denial: Many of Plaintiff's allegations are directed at former defendant The

Nature Conservancy, which has been substituted as the Defendant by the United States.  The

United States construes the allegations in the Complaint directed at the "Defendant" as directed

against the United States.

1.      To the extent Plaintiff's "Introductory Statement" contains factual allegations, the

United States lacks sufficient information to admit or deny those allegations and, therefore,

denies those allegations.

2.      The United States admits that the original plaintiff herein, Pauline Ciabattoni, who

is deceased, was the owner of certain real property located along Delaware Bay between

Primehook Beach and Fowler's Beach, in Sussex County, Delaware.  The United States lacks

sufficient information to admit or deny the remaining allegations in Paragraph 2 of Plaintiff's

Complaint and, therefore, denies those allegations.

3.      United States lacks sufficient information to admit or deny the allegations in

Paragraph 3 of Plaintiff's Complaint and, therefore, denies those allegations, except that the

United States admits that it owns certain property (the "Conservancy Land") adjoining Plaintiff's property (the "Property").

4.     Denied.

5.     Denied, except that the United States admits that the Property is not bounded by, or touching upon, any public street or public road; nor is there any recorded easement that provides access to the Property.

6.     The United States admits that the Property is bounded on the east by the Delaware Bay, and on the west by marshland owned by the United States and forming part of the Primehook National Wildlife Refuge (the "Refuge"). The United States admits that to the north of the Property are several residential properties, and to the south is the Conservancy Land, which is now owned by the United States and part of the Refuge. The United States denies the remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7.     The United States lacks sufficient information to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint and, therefore, denies those allegations.

8.     Admitted.

9.     Admitted.

10.     The United States lacks sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint and, therefore, denies those allegations.

11.     The United States lacks sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint and, therefore, denies those allegations.

12.     The United States admits that it took title to the Property in 2003, and denies that Plaintiff ever requested permission from the United States to construct a driveway or other access

road to the Property or run utilities across the Conservancy Land.

13.    Denied.

14.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 14 of Plaintiff's Complaint and, therefore, denies those allegations.

15.    Denied.

16.    The United States denies Plaintiff's characterization of what the aerial photographs show.

## COUT I – EASEMENT BY PRESCRIPTION

17.    The United States incorporates all of the foregoing paragraphs as if fully set forth herein.

18.    Denied.

19.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 19 of Plaintiff's Complaint and, therefore, denies those allegations.

20.    Denied.

21.    The United States denies Plaintiff's characterization of what the aerial photographs show, and denies the remaining allegations in Paragraph 21 of Plaintiff's Complaint.

## COUNT II – EASEMENT BY NECESSITY

### (DISMISSED BY THE COURT)

22.    The United States incorporates all of the foregoing paragraphs as if fully set forth herein.

23.    Paragraph 23 of Plaintiff's Complaint states legal conclusions to which no response is required.  The United States denies that Plaintiff has satisfied the requirements for an

easement by necessity.

24.    Denied.

25.    Denied.

26.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 26 of Plaintiff's Complaint and, therefore, denies those allegations.

27.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 27 of Plaintiff's Complaint and, therefore, denies those allegations.

28.    Denied.

29.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 29 of Plaintiff's Complaint and, therefore, denies those allegations.

WHEREFORE, the United States denies that Plaintiff is entitled to relif.

## Affirmative Defenses

1.    Plaintiff's Complaint fails to state a claim for which relief may be granted.

2.    Even if Plaintiff could establish an easement by prescription over the Conservancy Land, that easement by prescription would not, as a matter of law, include, among other things, the right to construct a roadway sufficient for routine vehicular access (as well as construction vehicles during construction), and underground utilities lines for electric and phone.

3.    Plaintiff's claims are barred by abandonment.

4.    Plaintiff's claims are barred by estoppel.

5.    Plaintiff's claims are barred by laches and/or the applicable statute of limitations.

6.    Plaintiff's claims are barred because no easement by prescription can be created in lands during the time the United States holds title thereto.

4

WHEREFORE, the United States demands judgment in its favor, its costs in defending this action, and all other relief that the Court may award.

DATED: June 11, 2008.

Respectfully Submitted,

COLM F. CONNOLLY
United States Attorney

By: /s/   Seth M. Beausang
Seth M. Beausang (De. I.D. No. 4071)
Assistant United States Attorney
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277